United States District Court
Southern District of Texas
**ENTERED**
February 22, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| RUBEN ARCE, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 5:18-CV-9 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

**REPORT & RECOMMENDATION**

Petitioner Ruben Arce, *pro se*, filed a § 2254 Petition for Writ of Habeas Corpus (Dkt. No. 1) challenging his conviction and 55-year sentence for aggravated assault with a deadly weapon. The District Court has referred this matter to the undersigned United States Magistrate Judge. (Dkt. No. 32.) Now before the Court is Respondent Lorie Davis' Motion for Summary Judgment (Dkt. No. 23) and Petitioner's Motion for Leave for Discovery. (Dkt. No. 30.) Upon review of the pleadings, filings, and the applicable law and for the reasons stated herein, the Magistrate Judge respectfully submits this Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), recommending that the Court **GRANT** Respondent's Motion for Summary Judgment and **DISMISS** the Petition with prejudice. The Magistrate Judge further respectfully recommends that Petitioner's Motion for Leave for Discovery be **DENIED.**

**I.  Background**

**A.  Factual History**

In an opinion affirming Petitioner's conviction on direct appeal, a Texas intermediate-appellate court set forth a summary of the evidence adduced at trial:

> The State's first witness was the victim Jesus "Chuy" Guerrero. Guerrero testified that, on October 23, 2010, he was at a party in El Cenizo, Texas where he consumed several beers and used cocaine. Guerrero left the residence with a

friend, Benigno Ayala, and walked to a convenience store. He and Ayala were talking outside the store when [Petitioner] Arce rode up on a bicycle. Guerrero and Arce had known each other for over fifteen years and Guerrero considered him "a nephew."

Arce circled around Guerrero and Ayala twice. Guerrero and Ayala left the area and began walking down the street when gunshots erupted, approximately five or six shots. Guerrero was struck in the back and the arm. Guerrero turned and saw Arce as the shots continued. Guerrero ran for cover and a third bullet struck him in the leg. Guerrero testified that Arce was the individual who fired the weapon. Ayala was unhurt and fled the scene. He later testified that when he heard shots, he ran for cover, and did not see the shooter.

Webb County Sheriff's Deputy Oscar Silva responded to the call at approximately 11:46 p.m. While waiting for the ambulance, Guerrero repeatedly told Deputy Silva that Arce was the shooter. Officers at the scene retrieved seven bullet casings consistent with a .45 caliber weapon, a beer can, and Guerrero's boot—both of which had been pierced by bullets.

………………

Attempts by the officers to locate Arce were unsuccessful until approximately six weeks later. When the officers attempted to arrest Arce, he absconded from the police vehicle.

(Dkt. No. 19-3 at 2–4 (*Arce v. State of Texas*, No. 04–12–00540–CR, (Tex. App.—San Antonio, Apr. 30, 2014) (not designated for publication)).)

## B.  Procedural History

A grand jury returned a five-count indictment against Petitioner charging him with escape, evading arrest (three counts), and aggravated assault with a deadly weapon. (Dkt. No. 19-5 at 28.)[1] After the jury was empaneled and sworn-in, but before the trial began, Petitioner pled guilty to the escape and evading arrest count. (Dkt. No. 20-3 at 169:8–171:19.) Petitioner, however, failed to appear the following day for opening statements and never appeared for any

---

[1] The state later entered an amended indictment correcting the date of offense for the evading arrest charges. (Dkt. No. 19-17 at 35–39.)

portion of the trial. (Dkt. No. 19-20 at 45–47.) The jury found him guilty, and after he was subsequently apprehended, he was sentenced to 55 years imprisonment. (Dkt. No. 19-18 at 21.)

Petitioner's conviction was affirmed on appeal (Dkt. No. 19-4) and he did not file a petition for discretionary review with the Texas Court of Criminal Appeals. (Dkt. No. 19-1 at 2.) Petitioner subsequently filed two applications for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging his conviction. (Dkt. Nos. 22-17 at 13–29 and 22-19 at 37–54.) The first application was denied by the Texas Court of Criminal Appeals without a written order. (Dkt. No. 22-14.) The second application was dismissed as a subsequent application. (Dkt. No. 22-18.)

### C. Petitioner's Claims

Petitioner has now filed this Petition, asserting the following claims for federal habeas relief:

1. Actual innocence;

2. Insufficient evidence at trial proving his guilt beyond a reasonable doubt;

3. Ineffective assistance of counsel based on (a) trial counsel's failure to investigate and produce exculpatory witness testimony and (b) appellate counsel's failure to raise an insufficiency of evidence claim; and

4. Prosecutorial misconduct based on statements made during closing argument regarding Petitioner's absence from the trial.

(Dkt. No. 1 at 6–7.)

## II. Legal Standards

### A. Habeas Review

This Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996

(AEDPA). 28 U.S.C. § 2254. Federal habeas relief cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §§ 2254(d)(1, 2). The Supreme Court has explained how § 2254(d) affects the reviewability of state habeas decisions already adjudicated on the merits:

> By its terms § 2254(d) bars relitigation of any claim "adjudicated on the merits" in state court, subject only to the exceptions in §§ 2254(d)(1) and (2). . . . Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief. This is so whether or not the state court reveals which of the elements in a multipart claim it found insufficient, for § 2254(d) applies when a "claim," not a component of one, has been adjudicated. . . . When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.

*Harrington v. Richter*, 562 U.S. 86, 98–99, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011) (citations omitted).

## B. Summary Judgment

Summary judgment is appropriate if the pleadings and evidence show that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Once the movant presents "a properly supported motion for summary judgment, the burden shifts to the nonmoving party to show with 'significant, probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (citation omitted).

Summary judgment rules generally apply with equal force in § 2254 proceedings, but

only to the extent that they do not conflict with the federal rules governing habeas proceedings. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (citation omitted), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274, 124 S. Ct. 2562, 159 L. Ed. 2d 384 (2004). Section 2254(e)(1) mandates that a state court's findings are presumed to be correct, thereby overriding the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal district court. *Smith*, 311 F.3d at 668.

## III. Analysis

### A.  The Petition Is Barred by the One-Year Limitations Period

All federal habeas corpus petitions filed after April 24, 1996, the effective date of the AEDPA, are subject to a one-year limitations period. 28 U.S.C. § 2244(d)(1); *Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003). The one-year limitations period runs from the date on which a petitioner's state court conviction becomes "final," either at the conclusion of direct review or at the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The limitations period, however, can begin running from a later date under any of the following circumstances: (1) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (2) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (3) the date on which the factual predicate of the claim or claims presented could have been discovered

through the exercise of due diligence. 28 U.S.C. §§ 2244(d)(1)(B–D). However, none of these circumstances apply herein and Petitioner does not argue otherwise.

Petitioner's conviction became "final" on May 30, 2014 when it was affirmed by the Texas intermediate-appellate court and he did not file a petition for discretionary review. Tex. R. App. P. 68.2(a) (a petition for discretionary review must be filed either within 30 days after the court of appeals renders judgment or overrules motion for rehearing); *Roberts*, 319 F.3d at 694– 95 (state conviction becomes final for limitations purposes when time for seeking a petition for discretionary expires, regardless of when mandate issues). Absent tolling, Petitioner had until June 1, 2015, to file the instant Petition.[2] He failed to meet this deadline because he did not file the instant Petition until January 17, 2018.[3]

Petitioner concedes that he filed the Petition *after* the statute of limitations period expired. (Dkt. No. 1 at 9.) However, he asserts that his actual innocence claim still allows a time-barred petition to be considered on the merits. (*Id.*) As discussed, *infra*, his actual innocence claim is without merit.

### B. Petitioner's Actual Innocence Claim Is Without Merit

Petitioner contends that his actual innocence claim is a *Schlup*-type claim exempting him from the AEDPA's one-year limitations period. (Dkt. No. 1 at 9; Dkt. No. 2 at 11; Dkt. No. 29 at

---

[2] May 30, 2015, one year after the conviction became final, was a Saturday. *Salinas v. Dretke*, 354 F.3d 425, 428 (5th Cir. 2004), *overruled on other grounds by Jimenez v. Quarterman*, 555 U.S. 113 (2009) (where expiration of time for seeking a petition for discretionary review fell on weekend, the state conviction became final on the following court day).

[3] Petitioner's two habeas petitions to the Texas Court of Criminal Appeals did not toll or reset his one-year limitations period because they were not filed within the one-year limitations period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that state habeas applications filed after the AEDPA limitation period do not toll it); *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (holding that a petitioner may not revive an expired limitations period by filing a state petition).

2.) In *Schlup v. Delo*, the Supreme Court created a gateway through which petitioners may file a habeas petition alleging a constitutional claim after the one-year limitations period if they can prove that "in light of the *new evidence*, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013) (emphasis added) (quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)). This demanding standard is seldom met. *Id.* Tenable actual innocence claims are rare, and petitioners may not proceed unless they produce new, reliable evidence of innocence. *Ortiz v. Davis*, No. 1:17-CV-0161, 2018 WL 2225126, at *3 (S.D. Tex. Apr. 2, 2018*), report and recommendation adopted*, No. 1:17-CV-00161, 2018 WL 2221837 (S.D. Tex. May 15, 2018) (granting summary judgment and dismissing with prejudice an untimely § 2254 action). Such evidence must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327.

"[N]ewly discovered evidence of a petitioner's actual innocence refers to factual innocence, not legal insufficiency." *Yancy v. Davis*, No. CV H-17-3593, 2018 WL 1281856, at *2 (S.D. Tex. Mar. 8, 2018) (citing *Bousely v. United States*, 523 U.S. 614, 623–24, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)) (granting summary judgment and dismissing with prejudice an untimely § 2254 action). Merely corroborating evidence presented at trial is not "newly discovered." *Lucas v. Johnson*, 132 F.3d 1069, 1074, 1075 n.3 (5th Cir. 1998). In *Lucas¸* a habeas petitioner offered six classes of "newly discovered evidence," including eyewitness testimony, to support his actual innocence claim. *Id.* at 1075 n.3. The court, however, held that such evidence was available at the time of trial, was cumulative of other evidence, and, therefore, was not newly discovered:

> [E]ven were a claim of actual innocence cognizable under federal habeas corpus, this accumulation of evidence that tracks and corroborates the evidence presented at trial and that largely was available at the time of trial, does not qualify to meet the extraordinarily high threshold as newly discovered evidence demonstrating actual innocence that is necessary to suggest a federal constitutional right arising from this Texas conviction.

*Id.*

Here, the "newly-discovered" evidence submitted by Petitioner is Alexandra Camacho's Affidavit. (Dkt. No. 2 at 13.) Petitioner asserts that his trial counsel was ineffective because he "failed to investigate and produce exculpatory evidence from [Ms. Camacho.]" (Dkt. No. 1 at 7.) The burden of proof is on Petitioner to demonstrate trial counsel's ineffectiveness by a preponderance of the evidence. *Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000). To raise a successful ineffective-assistance-of-counsel claim, a petitioner must establish (1) that his counsel's performance was constitutionally deficient and (2) that the deficient performance caused actual prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

As to the first prong, counsel's performance is deficient if it falls below an objective standard of reasonableness. *Id.* at 687–88. To make this showing, a petitioner must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Charles v. Stephens*, 736 F.3d 380, 389 (5th Cir. 2013) (per curiam) (quoting *Strickland*, 466 U.S. at 689). As to the second prong, actual prejudice occurs if a petitioner "show[s] that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Ultimately, evaluating prejudice turns on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993) (citing *Strickland*, 466 U.S. at 687).

Where a state court's application of *Strickland* is challenged in a federal habeas petition, the ordinarily deferential standard created by *Strickland* is "doubly" so. *Harrington*, 562 U.S. at 105 (citation omitted). The Supreme Court has stated "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

In her Affidavit, Ms. Camacho states that she was at home on the night of October 23, 2010. (Dkt. No. 2 at 30.) After hearing gunshots, she ran over to her window, looked outside, saw a man lying in the street, and spotted a small gray car driving away. (*Id.*) She then called 911 to report the shooting. (*Id.*) Ms. Camacho does not claim to have seen the shooting and does not know who shot the victim. She also states that no lawyers, investigators, or law enforcement officers ever contacted her to discuss the 911 call. (*Id.*) Lastly, she states that she would have testified had she been called to do so. (*Id.*) Petitioner asserts that Ms. Camacho's proposed testimony regarding a gray car speeding away from the scene of the shooting is "new evidence." (*Id.* at 13–14.)

This testimony is not "newly discovered" and is not "new evidence" because it merely corroborates other evidence and because the defense alibi was previously presented at trial. *Lucas*, 132 F.3d at 1075 n. 3. In fact, such testimony was already elicited at trial through a defense witness, El Cenizo Fire Chief Gonzalez:

Q. Did he [the victim] tell you what happened?

A. That he was walking down the street. And what he said was that a small gray vehicle, four door, stopped and told him, Hey, come over here.

Q. And then what happened?

A. He did. He walked towards the car, and that's when the assault happened.

Q. Okay. And when he said assault, what kind of assault was it?

A. (Indicative gesture.) He got shot.

Q. Okay. When you say, vehicle, you mean an automobile. Correct?

A. Yes.

Q. Like a --

A. A small grayish four-door vehicle.

(Dkt. No. 20-5 at 34:11–25.) Additionally, the victim's friend, Benigno Ayala, also testified that a gray car was near the victim at the time of the shooting. (Dkt. No. 20-4 at 181:22–182:4.) Finally, during closing argument, Petitioner's trial counsel recounted these two witness's testimony for the jury and argued that an occupant of the vehicle shot the victim. (Dkt. No. 20-5 at 135:14–25.) Therefore, Ms. Camacho's affidavit does not offer anything that has not already been presented at trial.

More importantly, Ms. Camacho's proposed testimony is not the type of exculpatory evidence persuasively showing "actual innocence." *Schlup*, 513 U.S. at 329. She simply saw a gray car driving away from the scene. (Dkt. No. 2 at 30.) She did not see the shooting or who shot the victim. As such, her testimony is not the type that would prevent any juror, acting reasonably, from finding Petitioner guilty beyond a reasonable doubt. Additionally, for the same reasons, even assuming *arguendo* that Petitioner satisfied the first prong of the *Strickland* test, he cannot satisfy the second prong because the failure to call Ms. Camacho to testify at trial did not render the trial result unreliable or fundamentally unfair.

Finally, this is the second time that Petitioner has submitted Ms. Camacho's Affidavit, initially doing so in his first state habeas petition (Dkt. No. 22-17 at 38, 66), which was denied by the Texas Court of Criminal Appeals without a written order. (Dkt. No. 22-14.) Petitioner has not satisfied the burden of showing that the denial was contrary to clearly established federal law as determined by the Supreme Court, involved an unreasonable application of such law, or was

based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. §§ 2254(d)(1, 2); *Harrington*, 562 U.S. at 100.

### C.  The Petition Is Not Subject to Equitable Tolling

Petitioner argues that he is entitled to equitable tolling to overcome the untimeliness of his filing. (Dkt. No. 1 at 9.) The Fifth Circuit holds that the AEDPA's one-year statutory limitations period is not jurisdictional and, therefore, is subject to equitable tolling. *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008). However, equitable tolling is available only when a petitioner proves "rare and exceptional circumstances," principally when a respondent actively misleads a petitioner about the cause of action or the petitioner was prevented in some extraordinary way from asserting his rights. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998)). Otherwise stated, "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). Even when exceptional circumstances exist, a petitioner must diligently pursue habeas corpus relief to equitably toll the limitations period. *Diaz v. Davis*, 720 F. App'x 715, 716 (5th Cir. 2018). Ignorance of the law and lack of knowledge of filing rules and deadlines do not justify equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

Here, contrary to Petitioner's argument, his *pro se* status does not entitle him to equitable tolling. *Id*. Additionally, Petitioner did not diligently pursue his rights after the denial of his state court appeal. His two state habeas claims were respectively filed November 28, 2016 and June

23, 2017—well after the June 1, 2015 deadline for timely filing his federal habeas petition. They were also filed over one year after the date Ms. Camacho signed her August 19, 2015 affidavit.

Finally, Petitioner does not allege any facts showing an "extraordinary circumstance" to equitably toll the limitations period. Petitioner does not assert either that he missed his filing deadline due to someone actively misleading him, or any other extraordinary measures preventing him from timely filing his Petition. While total abandonment by counsel can represent "exceptional circumstances," Petitioner does not make this assertion. *See*, *e.g.*, *Maples v. Thomas*, 565 U.S. 266, 282, 132 S. Ct. 912, 181 L. Ed. 2d 807 (2012) (example of abandonment by an attorney). Accordingly, Petitioner is not entitled to equitable tolling.

### D. Petitioner's Other Grounds for Habeas Relief Are Without Merit Even if They Were Not Time-Barred

#### i. Insufficient evidence at trial proving guilt beyond a reasonable doubt

Petitioner asserts that the evidence presented at trial was insufficient to prove his guilt beyond a reasonable doubt. (Dkt. No. 1 at 6.) An insufficiency of evidence claim, however, is not a cognizable claim under Texas habeas review. *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004). "Absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated by [petitioner], his legal insufficiency-of-the-evidence claim is procedurally barred from [federal habeas] review." *Bessire v. Quarterman*, No. 4:07-CV-597-Y, 2009 WL 54257, at *2 (N.D. Tex. Jan. 8, 2009). Therefore, Petitioner's insufficiency of evidence claim is barred.

Additionally, Petitioner raised this same argument in his second state habeas petition (Dkt. No. 22-19 at 44), which the Texas Court of Criminal Appeals dismissed as a subsequent

application. (Dkt. No. 22-18.)[4] Petitioner has not satisfied the burden of showing that the denial was contrary to clearly established federal law as determined by the Supreme Court, involved an unreasonable application of such law, or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. §§ 2254(d)(1, 2); *Harrington*, 562 U.S. at 100; *see supra* p. 10.

Finally, as discussed, *supra*, in Section III B, Petitioner did not allege any facts or present any evidence demonstrating a fundamental miscarriage of justice, which would allow him to raise an insufficiency-of-the-evidence claim in his Petition.

### ii.   Ineffective assistance of appellate counsel

Petitioner argues that his appellate counsel was ineffective for failing to assert an insufficiency of evidence claim. (Dkt. No. 1 at 7; Dkt. No. 2 at 20–21.) Petitioner does not present any evidence showing how appellate counsel's representation was deficient by failing to assert an insufficient of evidence claim. Regardless, had Petitioner's appellate counsel asserted such a claim on appeal, it would have failed because as discussed, *supra*, in Section I A, the victim positively testified that Petitioner shot him and therefore did not render the appellate decision unreliable or fundamentally unfair. Accordingly, Petitioner's contention that his appellate counsel provided ineffective assistance is without merit.

Finally, Petitioner raised this same claim in his second (Dkt. No. 22-19 at 69) state habeas petition and it was dismissed as a subsequent application. (Dkt. No. 22-18.) Petitioner has not satisfied the burden of showing that the denial was contrary to clearly established federal law

---

[4] Although the second state habeas petition was dismissed, not denied, a challenge to the sufficiency of the evidence is an instance in which a Texas state court can never consider the merits of the claim when raised in a habeas petition. *Grigsby*, 137 S.W.3d at 674. Accordingly, the court's dismissal was related to the merits of Petitioner's case. *Id.*; *see also Skinner v. Stephens*, No. CIV.A. H-12-3769, 2014 WL 549386, at *16 (S.D. Tex. Feb. 10, 2014) (citing *Grigsby*, 137 S.W.3d at 674).

as determined by the Supreme Court, involved an unreasonable application of such law, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. §§ 2254(d)(1, 2); *Harrington*, 562 U.S. at 100; *see supra* pp. 10, 13.

### iii.    Prosecutorial misconduct

Lastly, Petitioner argues that the prosecutor made improper statements during closing arguments that persuaded the jury to convict him based on his absence from trial. (Dkt. No. 1 at 7.) Although Petitioner argued prosecutorial misconduct in his appeal (Dkt. No. 22-12 at 4) and first habeas petition (Dkt. No. 22-17 at 20), he did not raise this specific misconduct incident. Courts review allegedly improper prosecutorial statements to determine whether they "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S. Ct. 2464, 91 L. Ed. 2d 144 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 94 S. Ct. 1868, 40 L. Ed. 2d 431 (1974)). A petitioner must show that the misconduct was sufficiently "persistent and pronounced" or that "the evidence of guilt was so insubstantial that the conviction would not have occurred but for the improper remarks." *Geiger v. Cain*, 540 F.3d 303, 308 (5th Cir. 2008) (quoting *Jones v. Butler*, 864 F.2d 348, 356 (5th Cir. 1988)).

Here, Petitioner has not shown that the prosecutor's statement about his absence was so unfair to result in a conviction that would not have occurred but for the remark. In fact, Petitioner's absence from trial was open and obvious to the jury as he was present for jury selection and had personally entered guilty pleas in the jury's presence before he failed to show up the following day for opening statements. Even assuming *arguendo* any statements regarding the Petitioner's absence from the courtroom was improper, this statement was not so persistent and pronounced to result in a conviction contrary to the concept of due process.

IV.     **Good Cause Does Not Exist for Petitioner to Conduct Discovery and an Evidentiary Hearing Is Not Necessary**

Petitioner has also filed a Motion for Leave for Discovery (and has requested a hearing on his motion) (Dkt. No. 30.) Petitioner is seeking to obtain documents from both his trial and appellate counsel in support of his ineffective assistance of counsel claims. (Dkt. No. 30 at 2.) "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997). Instead, a district court has the discretion to permit discovery upon a finding of "good cause." RULE 6(a), RULES GOVERNING SECTION 2255 PROCEEDINGS. Good cause exists where a petitioner establishes a *prima facie* claim for relief. *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000) (citing *Harris v. Nelson*, 394 U.S. 286, 290, 89 S. Ct. 1082, 22 L. Ed. 2d 281 (1969)). Here, as discussed, *supra*, in Sections III A-D, Petitioner has not established a *prima facia* claim for relief, and therefore good cause does not exist for him to conduct discovery.

Additionally, whether a petitioner is entitled to an evidentiary hearing is a matter of discretion for the district court. *McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998). Here, a hearing on Petitioner's motion is not necessary because it will not aid the Magistrate Judge in resolving any issue pending before the Court.

V.     **Recommendation**

The Magistrate Judge respectfully **RECOMMENDS** that Respondent's Motion for Summary Judgment (Dkt. No. 23) be **GRANTED**. The Magistrate Judge further **RECOMMENDS** that Petitioner's pending Motion for Leave for Discovery (Dkt. No. 30) be **DENIED**.

## **Objections**

The Parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after being served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations and, except upon grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140, 150–53, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

The Clerk of Court is DIRECTED to send a copy of this Report and Recommendation to Petitioner Ruben Arce via certified mail, return receipt requested.

**SIGNED** this 22nd day of February, 2019.

_____
Sam S. Sheldon
United States Magistrate Judge